## COTTRILL *v.* MICHIGAN HOSPITAL SERVICE.

1. Insurance—Hospital Care Certificate—Construction.

Provision of hospital care certificate according the member a maximum of 30 days of hospital service in a period of 6 months and again entitling the member to such service "only when there has been a lapse of at least 6 months between the date of last discharge from a hospital and the date of next admission" bars recovery of benefits under the certificate, where member was admitted to a hospital in less than 6 months even though member had not received benefits for that particular preceding hospitalization from defendant.

2. Contracts—Reformation—Construction.

A court may not reform or modify a contract in an action at law under the guise of interpreting it.

3. Same—Ambiguity—Construction.

Ambiguity is essential to the application of the rule of construction of contracts that an ambiguous contract must be construed against the party preparing it.

---

References for Points in Headnotes

[1] 29A Am Jur, Insurance § 1506.
[2] 12 Am Jur, Contracts § 228.
[3] 12 Am Jur, Contracts § 229.
[4] 12 Am Jur, Contracts, § 229; 29 Am Jur, Insurance § 246.
[5] 29A Am Jur, Insurance § 1133.

4. SAME—ENFORCEMENT OF UNAMBIGUOUS CONTRACT.

    Contracts, including insurance policies, which are unambiguous
    are not open to construction and must be enforced as written.

5. INSURANCE—RISKS—PREMIUMS.

    An insurance company may limit the risks it assumes and fix its
    premiums accordingly.

Appeal from Allegan; Smith (Raymond L.), J. Submitted January 6, 1960. (Docket No. 14, Calendar No. 48,257.) Decided April 12, 1960.

Action by Jewell Cottrill against Michigan Hospital Service, a Michigan corporation, on hospital care certificate of the "Blue Cross Plan," to recover sums paid for hospitalization. Judgment for defendant. Plaintiff appeals. Affirmed.

*Rex W. Orton,* for plaintiff.

*Benjamin H. Long, David M. Preston* and *L. Stanford Evans, Jr. (Dwight M. Cheever,* of counsel), for defendant.

CARR, J. This case was submitted in the trial court on a stipulation of facts. It appears therefrom that the defendant is a nonprofit hospital service corporation and is the operating agency for the writing of insurance contracts providing hospitalization benefits in accordance with the Michigan Blue Cross plan. It issued to plaintiff a hospital care certificate pursuant to such plan. The case involves the interpretation of certain provisions of said certificate.

Plaintiff was hospitalized in LaGrange, Illinois, for the period beginning August 12th and ending August 27, 1956, and likewise from October 9th to October 24th of the same year, an aggregate of 30 days. Defendant paid benefits in connection with such hospitalization pursuant to the terms of the

certificate issued to plaintiff. Within the ensuing 6-month period plaintiff was a patient in a hospital located at Clearwater, Florida, for the period from February 27, 1957, to and including March 11th following. For such period defendant did not pay benefits and presumably no request therefor was made. In less than 6 months following discharge from the Clearwater hospital plaintiff was again hospitalized at LaGrange, Illinois, from August 13, 1957, to September 8th thereafter. Defendant denied liability for benefits in connection with the last hospitalization on the ground that under the terms of the hospital care certificate involved plaintiff was not entitled thereto, less than 6 months having elapsed from the time of the last preceding hospitalization. It is conceded that if plaintiff is entitled to such benefits, the amount thereof is the sum of $882.10.

The provisions of the certificate issued to plaintiff which are pertinent to the question raised are contained in paragraph 10 (D), which reads as follows:

"Each member is entitled to hospital service for a maximum benefit period of 30 days under this and prior contracts of the service association, for each period of hospital confinement, or for successive periods of hospital confinement separated by less than 6 months. Such member will again be entitled to a maximum benefit period of 30 days only when there has been a lapse of at least 6 months between the date of last discharge from a hospital and the date of next admission."

The parties are not in accord as to the interpretation of the second sentence of the paragraph quoted. It was plaintiff's position in the trial court, and likewise is on this appeal, that the reference to the date of last discharge from a hospital should be con-

strued as referring to a period of hospitalization for which benefits were paid under the hospitalization care certificate. Defendant insists that the 6-month period contemplated following discharge from a hospital must be interpreted as its reads, and that treatment in any hospital whether or not benefits are paid therefor bars the granting of subsequent benefits for hospitalization during the period mentioned.

The trial judge, hearing the case without a jury, after quoting paragraph 10 (D) of the certificate summarized his conclusions as to the interpretation thereof in a written opinion, as follows:

"Without applying this section to any given set of facts it appears to the court that there is no ambiguity in the language employed and no room for more than 1 interpretation. The language of this section provides for a maximum benefit period of 30 days which period may be for 30 successive days or successive periods of hospitalization when separated by less than 6 months but not to exceed 30 days. And the subscribing member will again be entitled to 30 days of hospitalization when she has not been hospitalized for at least 6 months.  *  *  *

"Plaintiff says that the contract provides for 30 days of benefits every 6 months if no benefits have been paid in the intervening 6 months while defendant claims that the contract provides for no benefits after 30 days of benefits until at least 6 months, free from hospitalization, has lapsed. The court can find no ambiguity in the language used in section 10 (D). While it may lead to unhappy circumstances when applied to the needs of the policy holder nevertheless the policy itself clearly sets forth its benefit limitations and no one should be misled."

Judgment was entered in accordance with said opinion, and plaintiff has appealed.

The paragraph of the certificate in question here, above quoted, was obviously intended to define the

rights of the person to whom it was issued under the circumstances therein set forth. In specific terms it provides that when benefits have been paid pursuant to the first sentence of the paragraph the insured may become entitled to benefits because of subsequent hospitalization provided 6 months have elapsed from the date of discharge from a hospital. Had it been intended that the reference to the discharge meant that the prior hospitalization entitled the insured to benefits under the certificate, it may be assumed that the intent would have been indicated in appropriate language.

Counsel for appellant argues in his brief that the concluding portion of the second sentence of the paragraph should be interpreted as reading "between the date of last discharge from a hospital *for which a benefit was paid* and the date of next admission." Obviously the interpretation urged involves reading into the contract a provision not contained therein. This the Court may not do. Plaintiff's right of recovery rests on the contract as written. Under the guise of interpretation it may not be reformed or modified. *Lombardi* v. *Metropolitan Life Ins. Co.*, 271 Mich 265, 270.

On behalf of appellant attention is called to the principle of construction that an ambiguous contract must be construed against the party preparing it. Unquestionably such rule applies to insurance policies and contracts of like nature. However, ambiguity is essential to its application. In the absence of such a situation interpretation is not required, and courts are bound by the specific language set forth in the agreement. Thus in *Indemnity Insurance Company of North America* v. *Geist*, 270 Mich 510, 513, it was said:

"It is elementary that contracts, including insurance policies, which are unambiguous are not open to construction, and must be enforced as written.

*Harrington* v. *Inter-State Business Men's Accident Ass'n,* 210 Mich 327."

Said statement of the law was quoted in *Lehr* v. *Professional Underwriters,* 296 Mich 693. The Court there recognized the general rule with reference to ambiguous contracts but determined that it was not applicable to the instrument involved in the case. In so concluding, it was said in part (p 696):

"But where no ambiguity exists, no construction, in the usual sense of the word, is called for. *Mondou* v. *Lincoln Mutual Casualty Co.,* 283 Mich 353. Appellant fails to allege wherein the ambiguity arises, and we hold that none exists. An insurance company may limit the risks it assumes and fix its premiums accordingly. Upon the settled record it is conceded that the plaintiff, Dr. Lehr, had had these policies for a number of years, had read them and knew of the provisions contained therein, and that they were not misrepresented to him."

Such statement is applicable in the present controversy. No claim is made that the certificate was misrepresented to appellant in any way, and it may be assumed that she was familiar with its provisions. Her continuance under the hospitalization benefits plan thereby contemplated was wholly voluntary on her part. In accord with the decisions above cited are *Wozniak* v. *John Hancock Mutual Life Ins. Co.,* 288 Mich 612, and *VanZanten* v. *National Casualty Company,* 333 Mich 28.

The trial judge correctly determined the issue involved in the cause, and the judgment entered is affirmed, with costs to appellee.

DETHMERS, C. J., and KELLY, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.