BROS., INC., t/a The Judges Inn, Appellant,

v.

LIBERTY MUTUAL FIRE INSURANCE COMPANY, Appellee.

No. 5181.

District of Columbia Court of Appeals.

Argued April 21, 1970.

Decided Aug. 25, 1970.

Ewing Laporte, Washington, D. C., for appellant.

John J. O'Neill, Jr., Washington, D. C., with whom James C. Gregg, Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, and FICKLING and GALLAGHER, Associate Judges.

GALLAGHER, Associate Judge:

This is an appeal from the grant of summary judgment to appellee Insurance Company in a suit under a so-called "business interruption" policy for loss due to the restriction of business hours and the sale of alcoholic beverages pursuant to a curfew

and municipal regulations imposed during the civil disorders of April 1968 in this city.

On December 15, 1967, the Insurance Company issued a three-year business interruption policy in the amount of $50,000 on appellant's restaurant, located on upper Wisconsin Avenue in the District of Columbia. Appellant received a policy from the Insurance Company entitled "Building and Contents" (Form No. 253) attached to a Standard Fire Insurance Policy Declarations Sheet showing coverage on Fire and Lightning, Extended Coverage, and Vandalism, along with Business Interruption. Appellant claimed loss in the amount of $9,-395.41 due to "business interruption" asserting it was in direct consequence of the riots. Appellants did not claim physical damage to the premises nor to adjacent property. The claim was founded on loss of business due solely to the curfew and accompanying municipal regulations. The Insurance Company denied coverage and this suit resulted.

Shortly after the complaint was filed the Insurance Company assertedly discovered that it had mistakenly attached the "Building and Contents" Form to the policy. It thereupon issued a General Change Endorsement to its policy to the effect that the "Building and Contents" Form (No. 253) should be voided and an attached "Business Interruption Form No. 3" (Form TE 1) should be substituted. The endorsement showed the change retroactive to the effective date of the policy.

The Insurance Company moved for summary judgment, contending there was no coverage for the loss suffered under either of the forms; and, consequently, even if its General Change Endorsement were considered ineffective there still could be no recovery. In opposing the motion appellant

argued, essentially, that interruption to its business was covered specifically in the original policy; that a factual issue was created by an affidavit it submitted; and that in issuing the General Change Endorsement the Insurance Company was attempting a reformation of the contract.

Appellant contends here that in granting summary judgment the trial court did not state which contract it construed. If it was considering the contract as originally executed, says appellant, the contract was erroneously construed.[1] If, on the other hand, the court granted the motion on the basis of the change endorsement it claims this constituted a reformation and created a genuine issue of material fact.

Appellee contends that at the hearing on the motion for summary judgment, appellant asserted that the Building and Contents Form which had been sent to appellant originally was an unambiguous policy and evidenced the insurance actually afforded; that the trial court stated it would accept that statement and rule on the basis of the original contract; and that there was no need to entertain any evidence to vary a policy stated to be unambiguous.

It is unnecessary to ascertain which of the two forms was construed by the trial court as our examination reveals there was no insurance coverage under either the "Building and Contents" Form (with Extended Coverage) or the later "Business Interruption Form No. 3."[2]

■ Our review of the "Building and Contents" Form, which was the form originally issued to appellant and which accompanied a Standard Fire Insurance policy for the premises, shows it did not cover the type of loss upon which this suit was based. As we see it, the pertinent clauses in this

1. In this same connection, appellant says the court should have received evidence in aid of a determination. This is without merit for reasons which appear later.

2. If appellant was concerned as to which form the court construed it should have

undertaken in the trial court to have this clarified and made a matter of record. In any case, on these facts we see no need to concern ourselves with the contention that a reformation may have been worked in the trial court.

policy for our purposes are contained in the Extended Coverage endorsement accompanying the Building and Contents Form. It is there provided that:

In consideration of the premium for this coverage shown on the first page of this policy [Building and Contents] * * * the coverage of this policy is extended to include direct loss by * * * Riot * * * [and] Civil Commotion * * *.

* * * * * *

When this Endorsement is attached to a policy covering Business Interruption, * * * the term "direct," as applied to loss, means loss, as limited and conditioned in such policy, *resulting from direct loss to described property from perils insured against*; * * *. (Emphasis added.)

It is apparent at the outset that these provisions, which are the only pertinent clauses, do not specifically provide coverage for business interruption loss;[3] and there is no other provision in the Building and Contents policy explicitly offering such coverage. The question is, therefore, whether the quoted provisions of this policy cover the business "fall-off" loss to appellant resulting from the curfew and restrictive regulations due to the civil disturbance. The first provision relates to direct loss by riot or civil commotion. The second defines direct loss as meaning a loss resulting from direct loss to the property from the perils insured against.

We do not construe the business "fall-off" due to the curfew and regulations as being a direct loss by riot or civil commotion. The second quoted provision demonstrates that "direct loss" means a loss proximately resulting from physical damage to the property or contents caused by a riot or civil commotion. Concededly there was no

physical damage to the property. At the most, the loss incurred here was an indirect, if not remote, loss resulting from riots.[4] Clearly, there was no coverage under this policy.

■ Turning to "Business Interruption Form No. 3", which the Insurance Company later sent to appellant for substitution in place of the "Building and Contents" Form, we again find no coverage. It is there provided that:

* * * * * *

This policy insures against loss resulting directly from necessary *interruption of business caused by damage to or destruction of real or personal property* by the peril(s) insured against * * * on premises occupied by the Insured * * *.

In the event of such damage or destruction this Company shall be liable for the ACTUAL LOSS SUSTAINED by the Insured resulting directly from such interruption of business * * * for only such length of time as would be required with the exercise of due diligence and dispatch to *rebuild, repair or replace such part of the property* * * * *as has been damaged or destroyed* * * *.

* * * * * *

*Interruption by Civil Authority*: This policy is extended to include the *actual loss sustained* by the Insured, *resulting directly from an interruption of business* as covered hereunder, during the length of time, not exceeding 2 consecutive weeks, *when, as a direct result of damage to or destruction of property adjacent to the premises* herein described *by the peril(s) insured against, access to such described premises is specifically prohibited by order of civil authority*. (Emphasis added.)

Appellant does not allege that the loss from interruption of his business resulted from damage to or destruction of his prop-

3. That this policy was attached to a Declarations Sheet reciting, but not defining, Business Interruption coverage tends to substantiate appellee's contention that the wrong form was sent.

4. It is common knowledge that the disturbances were centered miles from the property here involved.

erty. Coverage is therefore not present under the first two of the quoted provisions. As to the final clause, though the loss alleged resulted from the curfew and municipal regulations, these did not prohibit access to the premises because of damage to or destruction of adjacent property.

Our review of both policies shows there was manifestly no coverage under either. In reaching this conclusion we encountered no genuine issue of fact, nor did a problem of reformation of a contract arise in the process. We conclude that summary judgment was properly granted.[5]

Affirmed.

---

5. We have considered appellant's further contention that the Insurance Company violated the Civil Rules in filing its motion for summary judgment but find no error justifying reversal.