**TWO CAESARS CORPORATION t/a Two Caesars, Appellant,**

v.

**JEFFERSON INSURANCE COMPANY of New York, et al., Appellees.**

**No. 5698.**

District of Columbia Court of Appeals.

Argued May 26, 1971.

Decided Aug. 2, 1971.

M. Michael Cramer, Washington, D. C., for appellant.

William B. Devaney, Washington, D. C., and Burton Yavener, Silver Spring, Md., with whom Stanley C. Morris, Jr., Washington, D. C., was on the brief, for appellees.

Before KERN, NEBEKER and PAIR, Associate Judges.

PAIR, Associate Judge:

Appellant, in April 1968, maintained at 527—13th Street, N.W., a restaurant serving, in addition to food, alcoholic beverages. Appellees, casualty insurance companies, issued to appellant certain policies of insurance providing basic coverage at the business premises for direct loss caused by fire and lightning. By appropriate endorsement, coverage under the policies was extended so as to provide protection against "Business Interruption" and loss caused by riot or civil commotion.

Because of the civil disturbances which followed the assassination of Martin Luther King, Jr., the Commissioner of the District of Columbia, by "Proclamation of Emergency," issued April 5, 1968, as amended, imposed a curfew, made effective at various times during the period commencing April 5 and ending April 12, 1968. The proclamation, in pertinent part, reads:

1. A curfew is hereby ordered in the District of Columbia at 5:30 p. m. and ending at 6:30 a. m., daily, until further notice. All persons other than law enforcement officers, firemen, physicians, nurses, and medical personnel, and employees of the D. C. Department of Sanitary Engineering shall remain off the streets and away from public places within said area during the period of the curfew.

2. The following activities in the District of Columbia are hereby prohibited:

a. The sale or dispensing of alcoholic beverages, including beer and wine. * * *

Claiming coverage under the policies of insurance for losses allegedly sustained by reason of the interruption of its business during the periods in which the curfew was in force, appellant complained against appellees in the court below seeking, as against them jointly and severally, a judgment for (1) declaratory relief respecting their liability and (2) damages in the amount of $13,618.55.

By their answers to the complaint, appellees denied that appellant sustained any loss covered by the provisions of the insurance policies. It appearing thereafter that there was no dispute as to any material fact, the case was submitted on cross-motions for summary judgment, with the result that the trial court entered summary judgment for appellees.

On this appeal the sole question of substance is whether the business losses sustained by appellant were covered by the "Extended Coverage" and "Business Interruption" provisions of the insurance policies.

Finding, after examination of the policies in their entirety, that the losses claimed by appellant are not covered by any provision thereof, we affirm on the authority of Bros., Inc. v. Liberty Mutual Fire Ins. Co., D.C.App., 268 A.2d 611 (1970). In that case, as in the case presently under consideration, it was sought to recover under a "Standard Fire Insurance" policy with "Extended Coverage" and "Business Interruption" endorsements for losses sustained when, by reason of the curfew referred to above, restrictions were imposed upon the patronage of public places and the sale of alcoholic beverages.

The policy provisions brought into question in Bros., Inc., supra, are substantially similar in form and effect to the policy provisions here involved; and, with respect to the insurance companies' liability under the "Extended Coverage" endorsement,[1] we said at 613:

* * * The first provision relates to direct loss by riot or civil commotion. The second defines direct loss as meaning a loss resulting from direct loss to the property from the perils insured against.

We do not construe the business "fall-off" due to the curfew and regulations as being a direct loss by riot or civil commotion. The second quoted provision demonstrates that "direct loss" means a loss proximately resulting from physical damage to the property or contents caused by a riot or civil commotion. Concededly there was no physical damage to the property. * * *

Appellant contends, however, and with particular reference to the "Business Interruption" endorsement[2] attached to the pol-

---

1. EXTENDED COVERAGE
   * * * * *
   * * * [T]he coverage of this policy is extended to include direct loss by * * * RIOT * * * [and] CIVIL COMMOTION. * * *
   * * * * *
   Provisions Applicable Only to Riot * * * and Civil Commotion:
   Loss by riot * * * or civil commotion shall include direct loss * * * from pillage and looting. * * * Unless specifically endorsed hereon in writing, this Company shall not be liable, however, for loss resulting from * * * interruption of operations. * * *
   * * * * *
   Provisions Applicable Only when this Endorsement is attached to a Policy cov-
   ering Business Interruption. * * * [T]he term "direct", as applied to loss, means loss * * * to described property from perils insured against * * *.

2. BUSINESS INTERRUPTION FORM NO. 3
   1. This policy insures against loss resulting directly from necessary interruption of business caused by damage to or destruction of real or personal property by the peril(s) insured against, * * * on premises occupied by the insured and situated as herein described.
   2. In the event of such damage or destruction this Company shall be liable for the ACTUAL LOSS SUSTAINED by the Insured resulting directly from such interruption of business, * * *

icies involved in the case now on appeal that *Bros., Inc., supra,* is distinguishable because there the policy language provided coverage "when, as a direct result of damage to or destruction of property adjacent to the premises herein described," access to such property is specifically prohibited by order of civil authority. In this connection, appellant says that the language quoted above formed the basis for our ruling in *Bros., Inc., supra,* and appellant seems to suggest that we attach significance to the fact that no such language is employed in the policies now under consideration.

We are unable to follow appellant's reasoning. There was no allegation in *Bros., Inc., supra,* that the "Order of Civil Authority" was predicated upon damage to or destruction of either the premises insured or property adjacent thereto. Consequently, no such consideration could have influenced the court in its decision. What we said in that case, at 613–614, was:

Appellant does not allege that the loss from interruption of his business resulted in damage to or destruction of his property. Coverage is therefore not present under the first two of the quoted provisions. As to the final clause, though the loss alleged resulted from the curfew and municipal regulations, these did not prohibit access to the premises because of damage to or destruction of adjacent property.[3]

The soundness of this conclusion is evident from an examination of the language employed in the basic policy which, in both *Bros., Inc., supra,* and in this case, reads:

IN CONSIDERATION OF THE PROVISIONS AND STIPULATIONS HEREIN OR ADDED HERETO AND OF the premium above specified, this Company * * * does insure the insured * * * to the extent of the actual cash value of the property at the time of loss, but not exceeding the amount which it would cost to repair or replace the property * * * and without compensation for loss resulting from interruption of business. * * *

\* \* \* \* \* \*

Perils not included: * * * This Company shall not be liable for loss by fire or other perils insured against in this policy caused, directly or indirectly, by * * * (h) order of any civil authority except acts of destruction at the time of and for the purpose of preventing the spread of fire. * * *

The plain fact is that access to appellant's restaurant during the hours of the curfew was not prohibited because of damage to or destruction of its property by riot or civil commotion, but rather to achieve a compelling and legitimate governmental objective—that of facilitating the movement of police and fire fighting equipment during an actual or anticipated emergency. *See* Glover v. District of Columbia, D.C. App., 250 A.2d 556, 559–561 (1969).

It is true, of course, that one of the perils insured against was interruption of

---

for only such length of time as would be required with the exercise of due diligence and dispatch to rebuild, repair or replace such part of the property herein described as has been damaged or destroyed. * * *

\* \* \* \* \*

7. Interruption by Civil Authority: This policy is extended to include the actual loss as covered hereunder during the period of time, not exceeding 2 consecutive weeks, when, as a direct result of the peril(s) insured against, access to the premises described is prohibited by order of civil authority.

8. Special Exclusions: This Company shall not be liable for any increase of loss resulting from:

\* \* \* \* \*
(c) the suspension * * * of any license * * *.

3. Appellant says that if physical damage were required, paragraph No. 7 of the "Business Interruption" endorsement would be meaningless. But, of course, it is not meaningless. Absent paragraph No. 7, there would be no coverage whatsoever for business interruption, if, by order of civil authority, access to the business premises was prohibited because of extensive physical damage or destruction.

business by Order of Civil Authority and that the loss claimed by appellant resulted from the interruption of its business during the effective periods of the curfew. The inescapable fact is, however, that, by the clear provisions of the policy, the loss is compensable only when the Order of Civil Authority, which prohibits access, is predicated upon damage to or destruction of the business property. Bros., Inc. v. Liberty Mutual Fire Ins. Co., *supra.* See *also* Cleland Simpson Co. v. Firemen's I. Co. of Newark, N.J., 392 Pa. 67, 140 A.2d 41, 43–44 (1958).

We hold, therefore, that loss of income from the sale of food and alcoholic beverages cannot, as a matter of law, be considered a direct loss to "described property" for purposes of either the "Extended Coverage" or the "Business Interruption" provisions of the policies of insurance.

The court below, therefore, did not err when it entered summary judgment for the appellees.

Affirmed.