SLOAN v PHOENIX OF HARTFORD INSURANCE COMPANY

1. INSURANCE—POLICIES—INTERPRETATION AS A WHOLE—REASONABLE DOUBT.

Insurance contracts are interpreted as a whole, giving words used therein plain meaning as understood by an ordinary person, and where the contract is drawn by the insurer any reasonable doubts or ambiguities contained in the contract will be construed most favorably to the insured.

2. INSURANCE—POLICIES—BUSINESS-INTERRUPTION LOSSES—CONDITION PRECEDENT—LIABILITY.

An insurance policy containing a separate paragraph covering business-interruption losses occasioned by denial of access to the insured premises because of a prohibition by order of a civil authority due to riot or civil disturbance, which, in contrast to the provisions of other portions of the policy conspicuously omits mention of damage to or destruction of the property, and limits liability to a two-week period only, on plain reading of the policy would lead the ordinary person of common understanding to believe that irrespective of any physical damage to the insured property, coverage was provided and benefits were payable when, as a result of one of the perils insured against, access to the insured premises was prohibited by order of civil authority and is so interpreted.

Appeal from Wayne, George E. Bowles, J. Submitted Division 1 January 4, 1973, at Detroit. (Docket Nos. 13979, 13980, 13981, 13982.) Decided March 28, 1973.

Complaints by Hattie Sloan, doing business as Alger Theatre and Vogue Theatre, Richard Sloan and others, doing business as Radio City Theatre Company, and United Motion Theatre Company

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 43 Am Jur 2d, Insurance § 265.

against Phoenix of Hartford Insurance Company to recover for business losses under policies of business-interruption insurance issued by the defendant. Judgment for plaintiffs. Defendant appeals. Affirmed.

*Honigman, Miller, Schwartz & Cohn* (by *John Sklar),* for plaintiffs.

*Sullivan, Sullivan, Ranger & Ward,* for defendant.

Before: V. J. BRENNAN, P. J., and T. M. BURNS and ADAMS,* JJ.

T. M. BURNS, J. This appeal grows out of defendant's refusal to reimburse the plaintiffs for business losses under a policy of business-interruption insurance.

The facts of the case are not in dispute. Plaintiffs own and operate movie theaters in the City of Detroit. In addition to weekend matinee performances, the theaters are customarily open daily from 7:30 p.m. to midnight. The theaters are covered by a business-interruption insurance policy issued by the defendant.

During a period from July 23, 1967 through August 1, 1967, widespread riots occurred in and around the City of Detroit. These civil disorders were accompanied by looting, burning, and other damage to both real and personal property. None of the plaintiffs' establishments were physically damaged however.

As a result of this civil strife, the Governor issued an executive order which imposed a 9 p.m. to 5:30 a.m. curfew and closed all places of amuse-

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

ment in Detroit. The curfew with some modifications remained in effect for the eight-day period noted above.

In compliance with the Governor's order, plaintiffs' theaters were completely closed the first four days of the period and opened on a restricted basis the remaining four days. Plaintiffs suffered an $11,359.95 net loss.

At trial, the defendant insurance company contended that per the terms of the business interruption policy, there is no coverage unless there has been direct and actual physical damage to the insured property and since none was inflicted on plaintiffs' theaters, it was not liable for the loss.

Plaintiffs, on the other hand, asserted that the risk insured against was the prohibition of access to their premises by order of a civil authority stemming from one of the enumerated perils, *e.g.*, riot and civil commotion, without any requirement of physical damage to the insured property. The lower court sitting without a jury agreed and entered a judgment in favor of the plaintiffs. Defendant appeals.

Neither plaintiffs nor defendant contest the fact that the policy in question provided for insurance against the interruption of plaintiffs' business due to riot or civil commotion. The disagreement centers upon whether there must be physical damage to the insured property in order to trigger the defendant's obligation to pay benefits. The resolution of this dispute must necessarily turn upon an interpretation of the contract of insurance entered into between the parties.

Insurance contracts are interpreted as a whole, giving to the words used therein plain meaning as understood by an ordinary person. *Girard Fire and Marine Ins Co v Scott,* 265 Mich 293 (1933); *Hau-*

*ser v Mich Mutual Liability Co,* 276 Mich 624 (1936); *Mich Mutual Liability Co v Mesner,* 2 Mich App 350 (1966). In addition, where, as here, the contract of insurance is drawn by the insurer, any reasonable doubts or ambiguities contained in that contract will be construed most favorably to the insured. *Gorham v Peerless Life Ins Co,* 368 Mich 335 (1962); *Mayer v Credit Life Ins Co,* 42 Mich App 648 (1972).

The business-interruption policy in question was drawn by the insurer, printed in a standard form and provided in relevant part:

"1. This policy covers against loss resulting directly from necessary interruption of business caused by damage to or destruction of real or personal property by peril(s) insured against during the term of this policy, on premises occupied by the insured and situated as herein described.

"2. In the event of such damage or destruction this Company shall be liable for the Actual Loss Sustained by the insured resulting directly from such interruption of business * * * for only such length of time as would be required with the exercise of due diligence and dispatch to rebuild, repair or replace such part of the property herein described as has been damaged or destroyed, * * * .

"7. Interruption by Civil Authority. This policy is extended to include the actual loss as covered hereunder, during the period of time, not exceeding 2 consecutive weeks, when as a direct result of the peril(s) insured against, access to the premises described is prohibited by order of civil authority."

Defendant relies principally upon the case of *Two Caesars Corp v Jefferson Ins Co,* 280 A2d 305 (DC, 1971), for the proposition that actual physical damage to the insured premises is a condition precedent to its liability. In *Two Caesars* it was held that under the provision of a business-inter-

ruption insurance policy (which reads exactly as paragraph 7 in the instant case) the insured property must suffer actual physical damages before an insurer is required to pay benefits. We cannot agree with nor are we bound by the District of Columbia Court's interpretation.

Looking at the insurance contract as a whole and giving the words contained therein plain meaning as understood by an ordinary person, we find as did the trial court that paragraphs 1 and 2 as distinguished from paragraph 7 contemplate separate and distinguishable business losses.

Paragraphs 1 and 2 are addressed to business interruption losses "caused by damage to or destruction of" the insured property. Paragraph 7 speaks to business-interruption losses occasioned by the denial of access to the premises by order of a civil authority. However, no mention is made of the necessity for physical damage to the premises before paragraph 7 can become operative. Such an omission is conspicuous by its absence. Had the insurer sought to embody into paragraph 7 a condition of physical damage to the insured property, it would have been a simple matter to insert such a clause as was done in paragraphs 1 and 2. It is, however, too late an appeal after the insured has sustained a loss to attempt to rewrite the contract of insurance to include this condition.

Moreover, the benefits under paragraph 7 are limited to a maximum of two weeks and contrasted with paragraphs 1 and 2 which limit benefits to "such length of time as would be required with the exercise of due diligence and dispatch to rebuild, repair or replace such part of the [insured property] damaged or destroyed * * * ". To imply a condition of physical damage in paragraph 7 under these circumstances would be contrary to

logic since it would be minor or inconsequential damage which could be repaired in two weeks, thus there is no rational relationship between the two-week maximum period of benefits and the reasonable time which might be required to repair damage inflicted upon the premises.

It is urged by the defendant, however, that the two-week provision contained in paragraph 7 refers only to an extended period of time for the payment of benefits when by reason of the order of civil authority workmen are prevented from commencing repairs on the insured premises. We can find no basis to support this interpretation. To read the policy in the manner advanced by the defendant would construe any reasonable doubt in favor of the insurer and thereby negate those principles of insurance contract construction set forth at the outset of our discussion.

In short, a plain reading of the policy would lead the ordinary person of common understanding to believe that, irrespective of any physical damage to the insured property, coverage was provided and benefits were payable when, as a result of one of the perils insured against, access to the insured premises was prohibited by order of civil authority, and we so hold.

Here one of the perils insured against was riot. A riot ensued, the Governor imposed a curfew, and all places of amusement were closed, thus preventing access to plaintiffs' place of business. Therefore plaintiffs suffered a compensable loss under the terms of the policy. Accordingly, the Wayne County Circuit Court did not err by concluding that physical damage to the premises was not a prerequisite for the payment of benefits under the business-interruption policy.

Affirmed.