SOUTHLANES BOWL, INC v THE LUMBERMEN'S MUTUAL
INSURANCE COMPANY

Insurance — Policies — Business-Interruption Losses — Physical
Damage.

   Physical damage to premises covered by a policy of business-interruption insurance is not a prerequisite to the insurer's obligation to reimburse the insured where the insured business was closed by order of a civil authority because of riots, and such a closing was one of the perils specifically insured against in the policy.

Appeal from Wayne, Thomas Roumell, J. Submitted Division 1 January 4, 1973, at Detroit. (Docket Nos. 13854, 13855.) Decided April 26, 1973.

Complaints by Southlanes Bowl, Incorporated against The Lumbermen's Mutual Insurance Company, and by Great Lakes Recreation Company against Central Mutual Insurance Company to recover for business losses under policies of business-interruption insurance issued by the defendants. Judgment for defendants. Plaintiffs appeal. Reversed.

*Kerr, Wattles & Russell* (by *Robert G. Russell* and *William A. Sankbeil),* for plaintiff.

*Denenberg, Tuffley & Thorpe,* for defendant.

Before: V. J. Brennan, P. J., and T. M. Burns and Adams,* JJ.

REFERENCE FOR POINTS IN HEADNOTE
44 Am Jur 2d, Insurance § 1439.

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

PER CURIAM. Plaintiffs were engaged in the business of operating places of amusement consisting of bowling alleys, restaurants, taverns, snack bars, cocktail lounges and motels. These establishments were covered by policies of business-interruption insurance drawn and issued by the defendant.

In the summer of 1967 and again after the assassination of Dr. Martin Luther King, Jr., in April of 1968, widespread riots and civil commotion accompanied by burning and looting erupted in and around the City of Detroit. However, none of the plaintiffs' businesses were physically damaged.

On each occasion noted above the Governor declared a state of emergency, imposed a curfew, and closed all places of amusement within the cities of Detroit, Highland Park, Hamtramck, Ecorse, and River Rouge.

In accordance with the Governor's order, plaintiffs closed their establishments and as a result suffered a $49,687.69 net loss.

At trial plaintiffs asserted that the risk insured against under the business-interruption policies here in question was the prohibition of access to their businesses by order of a civil authority arising from any of the enumerated perils, *e.g.,* riot, without any requirement of physical damage to the insured property.

On the other hand defendants contended that under the terms of the business-interruption policies there is no coverage unless there has been direct and actual physical damage to the insured property; and inasmuch as none was inflicted here, it was not liable to pay benefits for plaintiffs' net loss. The trial court concurred and found for these defendants. This was error.

This Court has recently had occasion to consider whether under the language of the business-interruption policy here in question, physical damage to the insured premises is a condition precedent to the insurer's liability to pay benefits. We held that where the insured businesses were closed by order of a civil authority, physical damage to the insured premises was not a prerequisite to the insurer's obligation to reimburse the insured for the net losses resulting therefrom. *Sloan v Phoenix of Hartford Insurance Co,* 46 Mich App 46 (1973).

Accordingly, the trial court is reversed.