## LINCOLN MUTUAL CASUALTY COMPANY v AMERICAN ARBITRATION ASSOCIATION

1. INSURANCE—INTERPRETATION AS A WHOLE.

   Insurance contracts are interpreted as a whole, giving words used therein their commonly understood meaning.

2. INSURANCE—AMBIGUITIES.

   Any reasonable doubts or ambiguities in a contract of insurance will be construed most favorably to the insured, particularly where the insurance contract is drawn by the insurer.

3. INSURANCE—AUTOMOBILES—EXTENDED COVERAGE—EXCLUSIONARY CLAUSE.

   No "exclusionary clause" existed within the terms of a policy of automobile insurance where a daughter added as an occasional driver by the named assured was not covered for liability arising from the use of automobiles other than the one insured; rather, the extended coverage as to the use of automobiles other than the one insured was limited by the clear language of the policy to "such named assured and spouse".

4. INSURANCE—AUTOMOBILES—EXTENDED COVERAGE—FAMILY MEMBERS.

   Insurance coverage for the operation of automobiles other than the automobile described in a policy of insurance does not extend to members of a family other than a named insured or his spouse where the clause extending coverage for the operation of other automobiles is by its clear language available only to the named insured or his spouse.

Appeal from Wayne, Michael L. Stacey, J. Submitted Division 1 June 19, 1973, at Detroit. (Docket No. 14601.) Decided September 26, 1973.

Complaint by Lincoln Mutual Casualty Company

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 43 Am Jur 2d, Insurance §§ 265, 270, 276.

[3, 4] 7 Am Jur 2d, Automobile Insurance § 106.

against the American Arbitration Association and Lucy Karickhoff to enjoin arbitration proceedings involving a policy of automobile insurance. Counterclaim by defendant Karickhoff for other relief. Summary judgment ordering Lincoln Mutual to represent defendant Karickhoff in an automobile negligence action brought against her. Plaintiff appeals. Reversed.

*Lizza & Mulcahy,* for plaintiff.

Before: QUINN, P. J., and J. H. GILLIS and BASHARA, JJ.

BASHARA, J. This appeal arises from a summary judgment finding that the appellant was obligated to defend appellee, Lucy Karickhoff, in an action in the Common Pleas Court for the City of Detroit.

It is worthy to note, at the outset, that only the appellant has filed a brief to assist this Court in its deliberations. The following facts are therefore adduced from the pleadings and settled record, as well as appellant's brief.

Theodore and Bernice Karickhoff applied for auto insurance in February of 1969, indicating that only two adult persons would be driving their 1965 Pontiac automobile. The policy was changed and an additional rate was charged to include a youthful driver as an occasional driver of the automobile. There appear to be no endorsements or changes in the policy including Lucy Karickhoff as a named assured.

Relevant clauses from the policy of insurance frame the issue upon which this case must be decided:

"I. Coverage A-Bodily Injury Liability; Coverage B-Property Damage Liability.

"To pay on behalf of the assured all sums which the assured shall become legally obligated to pay as damages because of:

"A. bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury,' sustained by any person;

"B. injury to or destruction of property, including the loss of use thereof, hereinafter called 'property damage'; caused by accident and arising out of ownership, maintenance or use of the automobile, and the Company shall defend any suit alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent; but the Company may make such investigation and settlement of any claim as it deems expedient.

\* \* \*

"III. Definition of Assured.

"(a) With respect to the insurance for bodily injury liability and for property damage liability the unqualified word "assured" includes the Named Assured and, if the Named Assured is an individual, his spouse if a resident of the same household, and also includes any persons while operating the automobile and any person or organization legally responsible for the use thereof, provided the use and actual operation of the automobile are by the Named Assured or such spouse or with the permission of either, and provided further that such use and actual operation are within the scope of such permission."

The insurance policy also contained the following provisions:

"V. Use of other Automobiles.

"If the Named Assured is an individual or husband and wife and if during the policy period such Named Assured, or the spouse of such individual if a resident of the same household, owns a private passenger automobile covered by this policy, such insurance as is afforded by this policy under coverages A, B and C-1 with respect to said automobile applies with respect to

any other automobile, subject to the following provisions:

"(a) With respect to the insurance for bodily injury liability and for property damage liability the unqualified word 'assured' includes:

"(1) such Named Assured and spouse, and

"(2) any other person or organization legally responsible for the use by such Named Assured or spouse of an automobile not owned by or hired by such other person or organization. Insuring Agreement III does not apply to this insurance."

Appellee Karickhoff was involved in an automobile accident in November of 1969 while driving a 1965 Chevrolet automobile owned by one Carl Young. That auto was uninsured at the time of the accident. A suit was subsequently commenced in the common pleas court against appellee Lucy Karickhoff and Mr. Young alleging damages arising from the accident.

Appellant refused to defend claiming that there was no coverage for appellee Lucy Karickhoff while driving an automobile other than the automobile described in the insurance policy. Appellee Karickhoff then instituted arbitration proceedings with the American Arbitration Association. Appellant filed this suit seeking to enjoin the arbitration proceedings. The trial judge agreed with appellant that arbitration proceedings were not proper. He ruled, on appellee Karickhoff's counterclaim, that an exclusionary clause existed as to appellee Karickhoff; and that an insurer must make clear to the premium payer the extent of the exclusion.

The clear issues for determination are whether the trial court erred in determining that appellee Lucy Karickhoff was insured under the policy of insurance issued to her parents while she was operating an automobile owned by a third person, and whether an exclusionary clause existed.

Generally insurance contracts are interpreted as a whole, giving to the words used therein their commonly understood meaning. *Sloan v Phoenix of Hartford Insurance Co,* 46 Mich App 46; 207 NW2d 434 (1973). Any reasonable doubts or ambiguities will be construed most favorably to the insured, particularly where the insurance contract is drawn by the insurer. *Sloan v Phoenix of Hartford Insurance Co, supra; Gorham v Peerless Life Insurance Co,* 368 Mich 335; 118 NW2d 306 (1962).

However, for a doubt or ambiguity to exist, there must be some language in the policy to create the doubt. Paragraph V clearly indicates that the coverage for liability arising from the use of another automobile is limited to "such named assured and spouse". The obligation to defend any other party is limited, under clauses III and I, to anyone driving the insured auto with the permission of the owners.

The learned trial judge relies on the proposition that an exclusionary clause existed and should have been made clear to the insured. We find, however, that no such exclusionary clause existed within the terms of the policy.

In *Topolewski v Detroit Automobile Inter-Insurance Exchange,* 6 Mich App 286, 289–290; 148 NW2d 906, 907 (1967), this Court reviewed the plaintiff's claim of an alleged ambiguity regarding uninsured motorist's coverage. The Court there stated:

"The fallacy of plaintiffs' position is readily apparent. By asserting ambiguity, they contend a question of fact arises as to the meaning of 'uninsured automobile' and the intention of the parties to the insurance contract with respect to that term. Mere assertion of ambiguity does not establish ambiguity; it arises, if at all, from the language claimed to be ambiguous. *Vigil v Badger*

*Mutual Insurance Company,* 363 Mich 380; 109 NW2d 793 (1961). Absent ambiguity, the rights of the parties rest on the contract as written. *Cottrill v Michigan Hospital Service,* 359 Mich 472; 102 NW2d 179 (1960).

* * *

"We cannot rewrite the clear agreement of the parties under the guise of interpretation. *Patek v Aetna Life Insurance Company,* 362 Mich 292; 106 NW2d 828 (1961)."

We therefore hold that where an insurance clause extending coverage for the operation of other automobiles is by its clear language available only to the named insured or his spouse, no such coverage extends to other members of the family unless specified in the policy.

This view finds support in other jurisdictions which have considered the question. See *Robinson v Georgia Casualty and Surety Co,* 235 SC 178, 110 SE2d 255 (1959); *Osborne v Security Insurance Co,* 155 Cal App 2d 201; 318 P2d 94 (1957); *Hennessy v Vanderhoef,* 1 Wash App 257, 461 P2d 581 (1969).

For this Court to hold otherwise, it would be necessary to reform the insurance contract to add language not present in the policy. To, in effect, prepare a new contract between the parties is not within the province of the Court. *Topolewski v Detroit Automobile Inter-Insurance Exchange, supra.*

Reversed.

All concurred.