# STATE OF MICHIGAN

# COURT OF APPEALS

---

FLOYD KEMP,

        Plaintiff-Appellee,

v

TRACY ALLEN, doing business as QUALITY
PAINTING & POWER WASHING,

        Defendant,

and

PIONEER STATE MUTUAL INSURANCE
COMPANY,

        Defendant-Appellant.

UNPUBLISHED
June 6, 2017

No. 330968
Osceola Circuit Court
LC No. 15-014208-CK

---

Before: BECKERING, P.J., and MARKEY and SHAPIRO, JJ.

PER CURIAM.

Defendant, Pioneer State Mutual Insurance Company (Pioneer), appeals from the order of the trial court granting plaintiff summary disposition under MCR 2.116(I)(2) on plaintiff's complaint for a declaratory judgment against Pioneer. We affirm.

On June 17, 2013, plaintiff, Floyd Kemp, was assisting defendant Tracy Allen (Allen) with a power washing job when a ladder he was using to descend from a rooftop slipped and gave out beneath him. As a result of the fall, plaintiff sustained injuries. At the time, Allen maintained a general commercial liability insurance contract with Pioneer.[1] Plaintiff brought this

---

[1] Allen did not maintain worker's disability compensation insurance. As Allen did not regularly employ three or more employees at any one time or regularly employ any one employee 35 hours or more for 13 weeks or longer during the preceding 52 weeks, he was not required to maintain such insurance. MCL 418.115.

-1-

action for a declaratory judgment after Pioneer denied that it was required to indemnify and defend Allen in an underlying negligence action that plaintiff had brought against Allen.

The dispute concerns whether plaintiff meets the definition of a "temporary worker" under the insurance policy Allen maintained with Pioneer. If plaintiff meets the definition, then Pioneer is required to provide coverage for plaintiff's injuries, but if plaintiff does not meet the definition, then Pioneer is not required to provide such coverage. The policy defines a "temporary worker" as "a person who is furnished to [Allen] to substitute for a permanent 'employee' on leave or to meet seasonal or short term workload conditions." Because it is undisputed that Allen does not have permanent employees plaintiff can only qualify as a "temporary worker" if he was "furnished to [Allen] . . . to meet seasonal or short term workloads."

The deposition testimony of both plaintiff and Allen shows that there is no genuine factual dispute that the work plaintiff performed for Allen was both "seasonal" and "short term." At his deposition, Allen testified that he does business as Quality Painting & Power Washing and that he performs commercial and residential painting as well as power washing. Allen acknowledged that the jobs he performed were "short term," "seasonal," and mostly occurred during the summer. Allen explained that power washing jobs typically last only a few days while painting jobs typically last for about a week. According to Allen, he keeps no employees on a payroll but instead calls different people to help him with various projects on a "job by job basis." Plaintiff is one of the individuals Allen would from time to time call to assist on various projects. Plaintiff began working for Allen after the two were introduced by a mutual friend. At his deposition, plaintiff testified that he worked for Allen for "[a[bout ten years off and on." Plaintiff also acknowledged that his work for Allen was "outdoor," "[s]easonal," "infrequent," and "[s]poradic." Plaintiff agreed with Allen's description of jobs lasting from one to two days.

Therefore, the dispute concerns whether plaintiff was "furnished to" Allen. Pioneer argues that the words "furnished to" require that some form of third party, such as a staffing agency, have been the cause of plaintiff meeting the seasonal or short term workloads for Allen. Plaintiff argues that because there is no express language requiring a third party to have been the one to furnish him to Allen that he could be the one who furnished himself to Allen. The trial court determined that the term "temporary worker" was ambiguous because the phrase "furnished to" did not state whether or not a third party was required to do the furnishing. The trial court then concluded that the ambiguity needed to be construed against the drafter, Pioneer, and so granted summary disposition to plaintiff under MCR 2.116(I)(2).

We affirm the grant of summary disposition to plaintiff but on different grounds than those relied on by the trial court.[2] Plaintiff is entitled to summary disposition under MCR

---

[2] The trial court improperly relied on the rule that an ambiguous contract should be construed against the drafter, also called the rule of contra proferentem, as a means to interpret an ambiguous contract at the summary disposition stage. The rule of contra proferentem is a tool to be used by a finder of fact in resolving an ambiguous contract not a tool to be used by the court

2.116(I)(2) because the term "temporary worker" is unambiguous and there is no genuine issue of material fact that plaintiff meets that definition. "The meaning of clear and unambiguous language is a question of law." *Harbor Park Mkt Inc v Gronda*, 277 Mich App 126, 131; 743 NW2d 585 (2007). "If the contractual language is unambiguous, courts must interpret and enforce the contract as written." *Hastings Mut Ins Co v Safety King, Inc*, 286 Mich App 287, 292; 778 NW2d 275 (2009). "A contract is said to be ambiguous when its words may reasonably be understood in different ways." *Farm Bureau Mut Ins Co v Nikkel*, 460 Mich 558, 566; 596 NW2d 915 (1999).

Insurance policies must be construed "in the same manner as any other species of contract, giving [their] terms their 'ordinary and plain meaning if such would be apparent to the reader of the instrument.' " *DeFrain v State Farm Mut Auto Ins Co*, 491 Mich 359, 367; 817 NW2d 504 (2012) quoting *Wilkie v Auto-Owners Ins Co*, 469 Mich 41, 47; 664 NW2d 776 (2003). It is appropriate to consult a dictionary in order to determine the plain and ordinary meaning of terms in an insurance policy. *Citizens Ins Co v Pro-Seal Serv Group Inc*, 477 Mich 75, 84-85; 730 NW2d 682 (2007). *Merriam-Webster's Collegiate Dictionary* (11th ed) defines "furnish" as follows: "to provide with what is needed." *Random House Webster's College Dictionary* (2001) defines "furnish" as, significantly, "to provide or supply." Accordingly, for present purposes, a "temporary worker" is a person provided or supplied to Allen to perform seasonal or short-term work.

Notably, the term "is furnished to you" is written in the passive voice and there is no language that restricts who is to do the furnishing. Therefore, the definition does not preclude one from furnishing only persons or things external to him or herself and explicitly allows for the possibility that an individual could furnish him or herself to the insured to provide the seasonal or short-term work. We are bound by the plain language of the insurance policy, and nowhere in the plain language of the policy is there any requirement that the provision or the supplication of seasonal or short term labor be fulfilled by someone external to the one doing the providing or supplying. Absent any express limitations, when a verb is written in the passive voice it does not require that any particular person or thing do the action. *Fields v Suburban Mobility Authority*, 311 Mich App 231, 243-244; 874 NW2d 715 (2015) (Shapiro, J., concurring); Cf *Perkovic v Zurich American Ins Co*, ___ Mich ___, ___; ___ NW2d ___ (2017) (Docket No. 152484), slip op at 8-10 (interpreting a notice requirement in MCL 500.3145(1), which is written in the passive voice, as focusing on the content of the notice rather than who provided the notice stating that "it would be strange if the language were to create a distinction between the notice requirements based on the notice provider").[3] Rather, when the passive voice is used, the focus is on the fact that the action was done, not on the person or thing who caused it to happen.

---

at the summary disposition stage. *Klapp v United Ins Group Agency Inc*, 468 Mich 459, 470-472; 663 NW2d 447 (2003). When a contract is ambiguous, its interpretation is a question of

fact for the jury and not a question of law for a court to decide on a motion for summary disposition. *Meagher v Wayne State Univ*, 222 Mich App 700, 722; 565 NW2d 401 (1997).

[3] The specific language that the Supreme Court interpreted in *Perkovic*, MCL 500.3145(1), states "An action for recovery . . . may not be commenced later than 1 year . . . unless written notice of injury . . . has been given to the insurer within 1 year after the accident . . . ." *Perkovic*, ___

In the present case, there is no factual dispute regarding the scope of plaintiff's work for Allen and that work, like all of Allen's work, was seasonal, and on a temporary "job by job basis." To conclude as Pioneer suggests, that a third party is required to have been the one to have furnished plaintiff to Allen would require us to add language to the definition not present in the policy, which is not something within our province to do. *Lincoln Mut Cas Co v American Arbitration Assoc'n*, 49 Mich App 676, 681; 212 NW2d 765 (1973).

The insurance policy between Pioneer and Allen is unambiguous, and there is no genuine issue of material fact that plaintiff falls within the definition of a "temporary worker." Therefore, Pioneer is obligated to provide coverage for plaintiff's injuries in accordance with the terms of the policy.

Affirmed.

/s/ Jane M. Beckering
/s/ Douglas B. Shapiro

---

Mich at ___; slip op at 4-5. The language is in the passive voice, therefore, as the Supreme Court noted, the plan language focusses on whether the action, providing the notice with all the required contents, was done, not on who performed the action. *Id.* at ___, slip op at 8-10.