WITKOWSKI v. FIDELITY & CASUALTY CO. OF NEW YORK.

INSURANCE—CASUALTY INSURANCE—LIMITING TIME FOR ACTION ON
   POLICY—STATUTES.
   Section 8, chap. 1, part 3, of Act No. 256, Pub. Acts 1917,
      requiring companies engaging in the casualty insurance
      business to comply with the laws regulating the business
      of life insurance in respect to making annual statements of
      financial conditions "and with all the other requirements
      so far as applicable," *held*, not to require casualty com-
      panies to comply with section 3, chap. 2, part 3, prohibit-
      ing the insertion of a clause in their policies limiting
      the time within which an action thereon could be brought
      to less than six years after the cause of action accrued.

Error to Wayne; Dingeman (Harry J.), J.   Sub-
mitted February 1, 1922.   (Docket No. 120.)   De-
cided March 30, 1922.

Assumpsit by Joseph Witkowski and others, doing
business as Joseph Witkowski & Sons, against the
Fidelity & Casualty Company of New York on a policy
of insurance.   Judgment for defendant on a directed
verdict.   Plaintiffs bring error.   Affirmed.

*Frank C. Cook* and *John P. O'Hara,* for appellants.

*Angell, Turner & Dyer,* for appellee.

SHARPE, J.   Plaintiffs sue to recover under a policy
issued by defendant wherein it agreed to indemnify
plaintiffs for loss sustained by the felonious taking of
its property by any person.   The case was tried by
the court without a jury and findings of fact and
conclusions of law made and filed.   The facts are not
in dispute.   But one question is presented.   The policy
issued provides:

"No suit shall be brought under this policy until after ninety days after the claim for loss, as required in provision No. 13, has been filed with the company, nor at all unless begun within twelve months from the date of the occurrence of the loss.  If any limitation set forth in this policy is prohibited by the statutes of the State in which the premises of the assured, as herein specified, are located, such limitation shall be considered to be amended to agree with the minimum period of limitation permitted by such statutes."

The defendant is subject to the provisions of Act No. 256, Public Acts 1917.  In this act, the laws of this State relating to insurance and surety business are revised, consolidated and classified.  New provisions are incorporated therein.  The act is divided into five parts, each consisting of several chapters.  It is so accessible that we deem it unnecessary to quote from or set forth its provisions at length.  An examination of the act itself will, however, indicate the manner in which the several subjects embraced therein are classified and the provisions relative thereto incorporated therein.  Chapter 2 of part 3 contains provisions relative to life insurance contracts or policies.  Section 3 makes mandatory the insertion of certain provisions and section 4 prohibits the inclusion of certain others.  Among the latter is the following:

"A provision limiting the time within which any action at law or in equity may be commenced to less than six years after the cause of action shall accrue."

Plaintiffs' counsel concede that this provision is not by express language made applicable to the policy sued upon but insist that it is made so by the provision in section 8 of chapter 1 of part 3, which reads as follows:

"Such individuals, companies or associations shall be required to comply with the laws of this State regulating the business of life insurance, in respect to

making annual statements of financial conditions, and with all the other requirements so far as applicable." * * *

The subdivision in which this section is included relates to companies engaging in the casualty insurance business. They must obtain a certificate showing their authority to do business. Provision is made for the amount of paid up capital required, the deposit of securities with the State treasurer, the reserve fund which must be maintained, the impairment of capital, etc. Chapter 2 of part 1 imposes certain stringent requirements on life insurance companies. Annual statements on such forms as may be furnished by the insurance commissioner must be made and filed, the company must promptly respond to any inquiries made by the commissioner, and books, records and documents must be produced for his examination when required. A considerable penalty may be imposed on any company failing to comply with these requirements. In our opinion, these and perhaps others are the "other requirements" referred to in section 8.

The provisions as to what life insurance policies must contain and must not contain, of which that heretofore quoted forms a part, are set forth in chapter 2, part 3. Section 1 of this chapter reads:

"Every policy of insurance hereafter issued or delivered within this State by any life insurance corporation doing business within the State shall contain the entire contract between the parties." * * *

It is significant that though section 3 contains 13 distinct positive requirements and section 4 four negative ones, that in question relating to the time within which suit must be brought is the only one which could in any way apply to the policy in suit.

We feel constrained to hold, as did the trial court, that the provision in section 8 of chapter 1 does not render the prohibition as to limiting the time within

which suit must be brought contained in chapter 2 applicable to the policy sued upon. The "other requirements" to which section 8 applies are those of a regulatory character.

The trial court filed an exhaustive opinion from which we have received much aid. In it he traces the history of insurance legislation in this State, from which it appears that though provision was made for the regulation of indemnity insurance in acts independent of those relating to life insurance, no attempt was made to prevent such indemnity companies from limiting the time for beginning suit on the policies issued by them. Without lengthening this opinion to include his review and discussion of these several acts, we may add that their consideration strengthens the conclusion we have reached.

It is, perhaps, not improper to add that there are seemingly good reasons why a limitation of less than 6 years should be provided for in casualty policies. The liability depends upon some unforeseen happening, which plaintiff must establish by proof. The difficulty of meeting such proof in many cases after the lapse of several years is apparent. Similar questions could not well arise in an action on a life insurance policy.

The judgment is affirmed.

FELLOWS, C. J., and WIEST, CLARK, BIRD, MOORE, and STEERE, JJ., concurred.

The late Justice STONE took no part in this decision.