LEHR *v.* PROFESSIONAL UNDERWRITERS.

1. INSURANCE—CONSTRUCTION OF POLICY.

> Generally a policy of insurance written by the insurer is given a construction favorable to the rights of the insured but where no ambiguity exists, no construction, in the usual sense of the word, is called for.

2. SAME—LIMITED INDEMNITY POLICY FOR CHIROPRACTOR'S MALPRACTICE.

> Under policy wherein indemnitor agreed to defend suit against chiropractor and reimburse him for final judgment paid by

him on a cause of action arising and accruing within the term of the policy and presented or prosecuted within two months after expiration thereof, indemnitor was not liable to defend him or indemnify him for judgment in actions brought after expiration of two-month period.

3. SAME—LIMITED POLICIES.
    An insurance company may limit the risks it assumes and fix its premiums accordingly.

4. SAME—LIMITED CASUALTY POLICY.
    It is not against public policy for a casualty company, in unambiguous terms, to limit its liability only to claims or suits brought within a time certain, and thus enable the company to make an early investigation, secure proofs, and possibly prevent fraud or collusion.

Appeal from Wayne; O'Neill (James E.), J., presiding. Submitted January 16, 1941. (Docket No. 51, Calendar No. 41,407.) Decided March 11, 1941.

Assumpsit by Edward H. Lehr against Professional Underwriters, an insurance and indemnity corporation, on an indemnity policy. From judgment for defendant, plaintiff appeals. Affirmed.

*John H. Dohrman* and *Curtis D. Wernette,* for plaintiff.

*Seth R. Bidwell,* for defendant.

BUTZEL, J.   Plaintiff, a licensed chiropractor, on January 11, 1936, took out a policy of indemnity in defendant company against loss from liability imposed by law on account of bodily injuries or death suffered by any person or persons in consequence of any claim or suit resulting from errors or mistakes committed by him in his practice during the year ending January 11, 1937.

On March 8, 1938, two suits were begun against plaintiff for malpractice alleged to have occurred in the latter part of January, 1936, and to have

continued until March 27, 1936. Defendant, upon being notified by plaintiff that the suits had been instituted, denied liability and refused to defend them. They were consolidated and resulted in verdicts against plaintiff for $450 in one case and 6 cents in the other.

The instant suit was brought by plaintiff to recover attorneys' and witnesses' fees paid by him, or which he became obligated to pay, in the amount of $750. The language of the policy limited its liability. It stated:

"Therefore, said indemnitor does hereby agree with indemnitee named herein, subject to the limitations herein contained, to defend with its (indemnitor's) attorneys, said indemnitee, in all civil suits brought against him by any party plaintiff, who alleges in the pleadings filed in said suit to have sustained damages in person under Articles I and II of this policy, *but not otherwise, from a cause of action arising and accruing within the time included in this policy and presented or prosecuted within two months after the expiration hereof,* and to promptly reimburse him for any and all final judgments paid by him, and not exceeding in amount the sum above limited." (Italics ours.)

The sole issue presented for determination is whether the italicized provision above constituted a valid defense to plaintiff's claim. The trial court found that the policy was a limited one and as no suit or claim was commenced or presented within the two months after the expiration of the policy, defendant was not liable. Plaintiff, upon appeal, contends that the provision is ambiguous, repugnant, invalid and impossible of performance, and that it is not legal, but is against good public policy.

It is generally true, as pointed out in appellant's brief, that a policy of insurance, written by the insurer, is given a construction favorable to the rights

of the insured. But where no ambiguity exists, no construction, in the usual sense of the word, is called for. *Mondou* v. *Lincoln Mutual Cas. Co.*, 283 Mich. 353. Appellant fails to allege wherein the ambiguity arises, and we hold that none exists. An insurance company may limit the risks it assumes and fix its premiums accordingly. Upon the settled record it is conceded that the plaintiff, Dr. Lehr, had had these policies for a number of years, had read them and knew of the provisions contained therein, and that they were not misrepresented to him.

As stated in *Indemnity Insurance Co.* v. *Geist*, 270 Mich. 510:

"It is elementary that contracts, including insurance policies, which are unambiguous are not open to construction, and must be enforced as written. *Harrington* v. *Inter-State Business Men's Accident Association*, 210 Mich. 327."

*Lukazewski* v. *Sovereign Camp of the Woodmen of the World*, 270 Mich. 415, and *Rogers* v. *Great Northern Life Ins. Co.*, 284 Mich. 660, cited by plaintiff, involve requirements of proof of loss after liability has been incurred by the company under the coverage of the policy. In the present case, liability was not established against the company for the reason that the cause of action which had accrued during the life of the policy had not been "presented or prosecuted within two months after the expiration hereof."

The present provision limiting liability is not against public policy. It is not against public policy for a casualty company, in unambiguous terms, to limit its liability only to claims or suits brought within a time certain, and thus enable the company to make an early investigation, secure proofs, and possibly prevent fraud or collusion. See *Ladies of*

*the Modern Maccabees* v. *Illinois Surety Co.,* 196 Mich. 27; *Witkowski* v. *Fidelity & Casualty Co.,* 218 Mich. 21.

The liability was limited in the policy. To hold otherwise would be to write a new contract for the parties. This we have no right to do.

Judgment affirmed, with costs.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, NORTH, MCALLISTER, and WIEST, JJ., concurred.