PATEK *v.* AETNA LIFE INSURANCE COMPANY.

1. INSURANCE—DISABILITY PAYMENTS—AMBIGUITY.
    Provision of 30-year endowment life insurance policy that disability benefits for total and permanent disability would be "payable * * * during such disability and before the date of the maturity of this policy" *held,* unambiguous and to limit liability for payments to maturity of the policy.

2. SAME—CONSTRUCTION OF POLICY.
    A court cannot rewrite the clear agreement of the parties to an insurance policy under the guise of interpretation.

Appeal from Gogebic; Brown (Ernest W.), J., presiding. Submitted October 7, 1960. (Docket No. 40, Calendar No. 48,623.) Decided January 9, 1961.

Assumpsit by Solomon W. Patek against Aetna Life Insurance Company, a Connecticut corporation, for sums claimed due on supplemental agreement to endowment policy. Judgment for plaintiff. Defendant appeals. Reversed and remanded for entry of judgment for defendant.

*Ralph E. Helper (Wright & Zinn,* of counsel), for plaintiff.

*Humphrey & Humphrey, Edward B. Harrison,* and *Fischer, Sprague, Franklin & Ford (George F. deClaire,* of counsel), for defendant.

SOURIS, J. Aetna Life Insurance Company issued plaintiff a 30-year endowment life insurance policy in the principal sum of $25,000 in 1928. As a supple-

ment thereto, the parties entered into an agreement which provided for payment of $250 per month in the event plaintiff should become totally and permanently disabled. This supplemental agreement required payment of an additional premium by plaintiff.

Beginning in May of 1953 plaintiff became totally disabled within the meaning of the supplemental agreement and was paid disability benefits in the sum of $250 per month until June 23, 1958, the thirtieth anniversary of the endowment policy. Defendant insurance company claims that the supplemental agreement expressly provides that the disability benefits shall be paid only during the period preceding maturity of the policy. Plaintiff, on the other hand, claims that he is entitled to receive disability benefit for as long as he remains totally disabled, even after the maturity date of the policy.

The trial court ruled that the language of the policy was obscure and ambiguous and, relying upon *Turner* v. *Fidelity & Casualty Company of New York,* 112 Mich 425 (38 LRA 529, 67 Am St Rep 428); *Hooper* v. *State Mutual Life Assurance Company of Worcester, Massachusetts,* 318 Mich 384; and *Ebert* v. *Prudential Insurance Company of America,* 338 Mich 320, the trial court resolved such ambiguity against the insurer and in favor of the insured. The language of the contract construed by the trial court appears in the supplemental agreement and reads as follows:

"PERMANENT TOTAL DISABILITY PROVISION

"If, before default in payment of premium and before the date of maturity of this policy, the insured becomes totally and permanently disabled by bodily injuries or disease and is thereby prevented from performing any work or conducting any business for compensation or profit, the following benefits will be available:

"A waiver of the payment of premiums falling due during such disability, and

"An income of $10 a month for each $1,000 of the original insurance payable to the life owner each month in advance during such disability and before the date of maturity of this policy."

The crucial words controlling the rights of the parties hereto are the last words quoted above: "and before the date of maturity of this policy." The trial judge said that he was satisfied that in drafting the policy "defendant intended that the disability benefits would cease upon maturity." However, he continued, that the insurer should have said so in more explicit language than that which it chose. For instance, the trial court said, the policy could have provided that the disability benefits would not be paid "beyond" the date of maturity or that such disability benefits would be paid "only to" the date of maturity. Having thus discerned clearly the insurer's intention, the trial court nonetheless observed that if the disputed language were submitted to a number of laymen for interpretation, they would differ in opinion as to what the language meant. He concluded that the language of the policy was ambiguous and thereupon construed it to require payment of the disability benefit by defendant beyond the date of maturity of the policy.

Without resorting to defendant's claim that language appearing elsewhere in the supplemental agreement clarifies whatever ambiguity might exist in the text, we find no ambiguity in the textual language first quoted above. It means precisely what it says: Disability benefits shall be paid each month in advance during disability and before the date of maturity of the policy. In our view, this is the only meaning a reasonably prudent person applying for insurance of this type could give properly to the contract language.

Plaintiff claims ambiguity arises when one considers the policy catchline phrase: "permanent total disability provision" in connection with the textual language which follows, quoted above. Plaintiff's contention is that the word "permanent" modifies both "disability" and "provision" and that it could be construed to mean permanent provision for permanent and total disability. We cannot agree either that the catchline is ambiguous or that it makes the textual material following ambiguous. If there is a possibility that the word "permanent" qualifies the word "provision", it is eliminated by the textual material which provides for payment of benefits if "the insured becomes totally and permanently disabled * * * each month in advance during such disability and before the date of maturity of this policy." We cannot rewrite the clear agreement of the parties under the guise of interpretation. *Cottrill* v. *Michigan Hospital Service,* 359 Mich 472, 476.

The action was tried before the trial court without a jury, and judgment was entered for plaintiff for the unpaid disability benefits and interest from the date of maturity of the policy to the date of commencement of suit in the amount of $2,838.74. Accordingly, said judgment is reversed and this case is remanded to the trial court for the entry of judgment for defendant. Costs to defendant.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, and KAVANAGH, JJ., concurred.