STINE v CONTINENTAL CASUALTY COMPANY

Docket No. 53186. Submitted June 16, 1981, at Detroit.—Decided
    January 5, 1982. Leave to appeal applied for.

Robert W. Stine, a licensed architect, obtained a policy of profes-
    sional liability insurance from Continental Casualty Company.
    The policy provided that any claims must be reported to the
    company during the policy period or within 60 days thereafter
    in order for coverage to be effective. Stine allowed the policy to
    lapse after 23 months. Nearly two years later a claim was
    brought against Stine alleging professional malpractice which
    had occurred prior to, during, and after the time that the policy
    was in force. Stine informed the defendant of the claim and
    requested that defendant defend him. Defendant refused on the
    basis that it was not notified of the claim within the time
    period specified in the policy. Stine then brought an action for
    a declaration of rights under the insurance policy. Both parties
    brought motions for summary judgment and the Oakland Cir-
    cuit Court, John N. O'Brien, J., granted summary judgment in
    favor of Stine. Continental appeals, alleging that it has a valid
    defense to Stine's claim. *Held:*

    The statutory requirement that failure to give notice to an
    insurer within any time period specified in a liability insurance
    policy does not invalidate the claim where it is shown that it
    was not reasonably possible to give notice within the time
    specified and that notice was given as soon as reasonably
    possible must be read into the policy. Because Stine gave notice
    only seven days after he had received notice of the claim
    against him, Continental is required to defend that claim.

    Affirmed.

    N. J. KAUFMAN, J., dissented. He would hold that because the
    policy herein was a "discovery" policy, which only covered
    claims discovered and brought against the insured during the
    policy period regardless of when the acts or omissions creating

REFERENCES FOR POINTS IN HEADNOTES

[1] 43 Am Jur 2d, Insurance § 289.
    73 Am Jur 2d, Statutes § 15.
[2, 3] 44 Am Jur 2d, Insurance §§ 1459-1461.
[3] 44 Am Jur 2d, Insurance § 1470.

liability took place, the notice statute has no effect on the case. He would reverse and remand for entry of judgment in favor of Continental.

## Opinion of the Court

1. Insurance — Insurance Code.

   Insurance contracts are subject to statutory regulations, and mandatory provisions of the Insurance Code must be read into an insurance contract.

2. Insurance — Notice of Claim — Statutes.

   An insured's claim against a liability insurer is not rendered invalid by his failure to notify the insurer within a time period specified in the insurance policy where it is shown that it was not reasonably possible to give the notice within the specified time and that notice was given as soon as reasonably possible (MCL 500.3008; MSA 24.13008).

### Dissent by N. J. Kaufman, J.

3. Insurance — "Discovery" Policy — Notice of Claim — Statutes.

   *A "discovery" insurance policy, which covers only claims discovered and brought against the insured during the policy period, does not provide coverage for a claim which is brought after the policy has lapsed regardless of whether the alleged act causing liability took place during the policy period; the statutory provision regarding reasonable notice of claims brought after a specified time period for notice in an "occurrence" insurance policy does not apply to a "discovery" policy (MCL 500.3008; MSA 24.13008).*

*Boltz, Roth, Silver & Friedman,* for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.* (by *D. J. Watters* and *Christine D. Oldani),* for defendant.

Before: V. J. Brennan, P.J., and N. J. Kaufman and E. E. Borradaile,* JJ.

V. J. Brennan, P.J. Defendant appeals as of

* Circuit judge, sitting on the Court of Appeals by assignment.

right the trial court's order granting plaintiff's motion for summary judgment.

Plaintiff, a licensed architect, entered into a contract with the Maple Hill Apartment Company (Maple Hill) to provide architectural services for an apartment project. Mortgage insurance for the project was provided through the Federal Housing Administration (FHA). In order to comply with the requirement of the FHA, plaintiff was required to obtain professional liability insurance for his services on the project.

On February 28, 1972, defendant issued a professional liability insurance policy to plaintiff. Plaintiff had never obtained professional liability insurance before and has not sought such insurance since the completion of the FHA-supported project.

The original policy issued to plaintiff by defendant expired on February 28, 1973, but was renewed on the same day. Thereafter, on January 16, 1974, defendant notified plaintiff that the policy would be cancelled on January 26, 1974, due to non-payment of installment premiums. Plaintiff did not pay the premiums, and, thus, his coverage was cancelled on January 26, 1974. Plaintiff testified that he stopped paying for the insurance when the FHA informed him that the project was completed.

On November 26, 1976, Maple Hill commenced an action against plaintiff alleging professional malpractice by plaintiff regarding the apartment project. This was the first notice that plaintiff had that Maple Hill was asserting a claim against him.

On December 13, 1976, plaintiff informed defendant of the suit and requested that defendant defend him. On February 3, 1977, defendant notified plaintiff that it would not defend him. Further notice was given to defendant on January 9, 1978,

but, on January 20, 1978, defendant again informed plaintiff that it would not defend the action since no claim was asserted against defendant until after plaintiff's insurance policy had expired, and it was, therefore, under no obligation to enter a defense on plaintiff's behalf. In support of this contention, defendant relied upon the following provision of plaintiff's insurance policy:

"(b) Time
"The insurance afforded by this policy applies to errors, omissions or negligent acts which occur on or after the date stated on item 6 of the declarations (the effective date of the first policy issued and continuously renewed by the Company) provided that claim therefor is first made against the insured during this policy period and reported in writing to the Company during this policy period or within 60 days after the expiration of this policy period."

It is undisputed that the action brought against plaintiff involved acts of alleged professional negligence occurring at least in part during the period that plaintiff was insured by defendant.

On October 30, 1978, plaintiff instituted this action for a declaration of rights under the insurance policy. Both plaintiff and defendant brought motions for summary judgment.

The trial court granted plaintiff's motion and denied defendant's, finding that defendant was obligated to defend plaintiff in the Maple Hill suit. The trial court cited as authority the case of *Honner v Continental Casualty Co* (Docket No. 77-3553, decided June 22, 1978 [unreported]), *lv den* 403 Mich 849 (1978). We affirm the trial court even though we may not rely on *Honner*.

Defendant contends that it has a valid defense to plaintiff's claim because Maple Hill did not

assert a claim against plaintiff, and defendant was not notified, within 60 days after the expiration of the policy as required by the time provision of the policy. Defendant relies on *Lehr v Professional Underwriters,* 296 Mich 693; 296 NW 843 (1941).

In *Lehr,* the Court upheld the validity of a similar provision of an insurance policy. Plaintiff, a chiropractor, had purchased an insurance policy from defendant protecting him against liability for errors or mistakes committed by him in his practice and resulting in bodily injuries or death. The policy limited the insurer's liability to "cause[s] of action arising and accruing within the time included in this policy and presented or prosecuted within two months after the expiration [thereof]". *Lehr, supra,* 695. Plaintiff was sued for acts of malpractice that occurred within the period of coverage, but the suits were not commenced until after his coverage had expired. Plaintiff notified defendant that the suits had been instituted, whereupon defendant denied liability and refused defense. The trial court found for the defendant. On appeal, the Court found no ambiguity in the terms of the policy, and that the limiting provision contained in the policy was not violative of public policy:

"The present provision limiting liability is not against public policy. It is not against public policy for a casualty company, in unambiguous terms, to limit its liability only to claims or suits brought within a time certain, and thus enable the company to make an early investigation, secure proofs, and possibly prevent fraud or collusion * * *.

"The liability was limited in the policy. To hold otherwise would be to write a new contract for the parties. This we have no right to do." *Lehr, supra,* 696-697. (Citations omitted.)

We find *Lehr* inapplicable to the instant case. Here, the defendant issued a casualty insurance policy to plaintiff.

Insurance contracts are subject to statutory regulations, and the mandatory provisions of the Insurance Code must be read into the contract. *Wendel v Swanberg,* 384 Mich 468; 185 NW2d 348 (1971), *Galkin v Lincoln Mutual Casualty Co,* 279 Mich 327; 272 NW 694 (1937), *State Automobile Mutual Ins Co v Babcock,* 54 Mich App 194; 220 NW2d 717 (1974).

Chapter 30 of the Insurance Code of 1956 governs casualty insurance, and MCL 500.3008; MSA 24.13008, a provision of the Code, states:

"In such liability insurance policies there shall be a provision that notice given by or on behalf of the insured to any authorized agent of the insurer within this state, with particulars sufficient to identify the insured shall be deemed to be notice to the insurer; and *also a provision that failure to give any notice required to be given by such policy within the time specified therein shall not invalidate any claim made by the insured if it shall be shown not to have been reasonably possible to give such notice within the prescribed time and that notice was given as soon as was reasonably possible."* (Emphasis added.)

This language was in 1929 CL 12460 and became incorporated in the 1956 Insurance Code, and therefore was in effect at the time of the *Lehr* decision but was apparently not considered by the *Lehr* Court even though we think it is both applicable and controlling in the instant case, since insurance contracts are subject to statutory regulations. Its provisions must be read into the insurance policy. Therefore, plaintiff's claim is valid if notice was not given to the defendant within the time prescribed in the policy, but notice was given as soon as was reasonably possible.

On November 26, 1976, Maple Hill commenced an action against plaintiff for alleged acts of professional malpractice which had occurred during the time the policy was in effect. This was the first notice that plaintiff had of a claim against him. Plaintiff notified defendant on December 3, 1976, only seven days after the plaintiff had received notice. We find that plaintiff gave notice of the claim to defendant as soon as was reasonably possible. Thus, the trial court did not err in granting plaintiff's motion for summary judgment finding defendant obligated to defend plaintiff in the Maple Hill suit.

Affirmed.

E. E. BORRADAILE, J., concurred.

N. J. KAUFMAN, J. *(dissenting)*. I respectfully dissent.

I believe the majority misconstrues the impact of MCL 500.3008; MSA 24.13008 upon this insurance policy. The statutory section precludes "notice" provisions that invalidate claims that are otherwise within the effective coverage of a policy. The policy in question here was a "discovery" policy which only covered claims discovered and actually brought against the insured during the policy period, regardless of when the acts or omissions causing liability took place. Presumably, such a policy is less expensive than an equivalent "occurrence" policy, which would provide coverage if the act or omission took place during the policy period, regardless of the discovery date. To provide true protection, a discovery policy must be continued until the insured otherwise feels safe from the

threat of liability or obtains delayed recording or extended discovery coverage.[1]

Here, coverage was denied not because the insured delayed notice to the insurer but because he allowed the policy to lapse prior to the discovery of the liability claim. Therefore, MCL 500.3008; MSA 24.13008 has no impact on this case.

Like the majority, I am not particularly enamored by this type of insurance policy. However, the Supreme Court has considered similar policy limitations and has determined that when set forth in unambiguous terms they do not violate public policy. *Lehr v Professional Underwriters,* 296 Mich 693; 296 NW 843 (1941).

I would reverse the trial court's entry of summary judgment in favor of plaintiff and remand for entry of judgment in favor of defendant.

[1] See 2 Long, The Law of Liability Insurance, § 12.02, p 12-4.

An insured might conclude that coverage is no longer necessary after the running of the six-year abrogation period of MCL 600.5839; MSA 27A.5839. See *Bouser v City of Lincoln Park,* 83 Mich App 167; 268 NW2d 332 (1978).