USHER v ST PAUL FIRE & MARINE INSURANCE COMPANY

Docket No. 63113. Submitted March 14, 1983, at Detroit.—Decided June 8, 1983.

Moscu Usher owns a wholesale jewelry outlet known as Via Veneta Importers. The business was insured against property loss with St. Paul Fire & Marine Insurance Company. The insurance policy, by its terms, incorporated the application for insurance, which in turn indicated that Usher warranted that 100% of the jewelry would be locked in safes when the business was closed. The business was burglarized and over $75,000 worth of jewelry, which had not been placed in the safes, was taken. None of the jewelry inside the locked safes was taken. After St. Paul rejected his insurance claim, Usher brought an action against St. Paul to collect on the claim. The Oakland Circuit Court, Steven N. Andrews, J., granted summary judgment for the defendant on the basis that there was no question as to any material fact. Plaintiff appealed. *Held:*

1. By the plain language of the policy and the incorporated application, plaintiff warranted that all the jewelry would be placed in locked safes when the business was closed. The insurer thus assumed the risk only for that stock which was kept in the safes. The plaintiff's breach of the warranty was material to the risk assumed by the insurer, and the lower court properly granted summary judgment in favor of the insurer.

2. The plaintiff's argument that a special relationship between himself and the insurer's agent required the agent to disclose to plaintiff the adequacy of the policy and the conditions under which it could be rendered void, being raised for the first time on appeal and not being supported by factual

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Summary Judgment §§ 3, 26 *et seq.*

[2] 43 Am Jur 2d, Insurance §§ 269, 271.

[3] 44 Am Jur 2d, Insurance § 1635.

[4] 43 Am Jur 2d, Insurance §§ 359, 360.
Reformation of insurance policy to correctly identify risks and cuases of loss. 32 ALR3d 661.

[5] 5 Am Jur 2d, Appeal and Error § 545.

allegations or other evidence, is not properly before the Court of Appeals.

Affirmed.

1. MOTIONS AND ORDERS — SUMMARY JUDGMENT — COURT RULES.

A motion for summary judgment brought on the basis of no question as to any material fact tests the legal sufficiency of the claim or defense; the court is to consider affidavits, pleadings, depositions and other documentary evidence submitted by the parties, giving the benefit of any reasonable doubt to the party opposing the motion and granting the motion only if it is impossible for the claim or defense to be supported at trial because of a deficiency which cannot be overcome (GCR 1963, 117.2[3]).

2. INSURANCE — CONTRACTS — JUDICIAL CONSTRUCTION.

An insurance contract which is ambiguous is to be liberally construed in favor of the insured; however, if the policy language is clear and unequivocal its terms must be enforced; the courts will not rewrite the contract.

3. INSURANCE — KNOWLEDGE OF POLICY TERMS.

An insured must be held to a knowledge of the terms and conditions contained in his insurance policy, even though he may not have read it.

4. INSURANCE — CONTRACTS — REFORMATION.

An insurance contract may be reformed where there is mutual mistake or mistake by one party and fraud or inequitable conduct by the other.

5. APPEAL — ARGUMENT RAISED FIRST TIME ON APPEAL.

Generally, an argument raised for the first time on appeal and which is not supported by any facts alleged in the pleadings or set forth by affidavit, deposition or other documentary evidence cannot be considered a basis for reversal of the lower court's summary judgment.

*Alan M. Vosko,* for plaintiff.

*Denenberg, Tuffley, Thorpe, Bocan & Patrick* (by *Charles R. Tuffley),* for defendant.

Before: T. M. BURNS, P.J., and CYNAR and P. J. MARUTIAK,* JJ.

PER CURIAM. Plaintiff commenced this action against his insurer, defendant St. Paul Fire & Marine Insurance Company, to collect on a claim under his insurance contract with defendant. Upon motion of defendant, after a hearing held on February 17, 1982, the trial court granted summary judgment in favor of defendant under GCR 1963, 117.2(3). Plaintiff appeals as of right.

Plaintiff owns and operates Via Veneto Importers, a wholesale jewelry outlet. Beginning on July 21, 1980, plaintiff's business was insured against property damage with defendant under a "Jeweler's Block Policy". The application for the insurance was incorporated as part of the policy. Under the terms of the policy, plaintiff purported to warrant that 100% of the jewelry would be kept in locked safes when the business was closed. On November 29, 1980, while the business was closed, burglars entered the premises and removed over $75,000 worth of jewelry which had been left outside of the locked safes. No jewelry located inside either locked safe was stolen. Plaintiff's attorney stated at the summary judgment hearing that plaintiff was unable to place the jewelry in a locked safe because he became very ill and had to leave. Defendant rejected plaintiff's insurance claim.

A motion for summary judgment brought under GCR 1963, 117.2(3) tests the factual sufficiency of the claim or defense. The court is to consider affidavits, pleadings, depositions and other documentary evidence submitted by the parties. *Partrich v Muscat,* 84 Mich App 724, 730; 270 NW2d

---

* Circuit judge, sitting on the Court of Appeals by assignment.

506 (1978). The benefit of any reasonable doubt is given to the party opposing the motion, and the court may only grant the motion if it is impossible for the claim or defense to be supported at trial because of a deficiency which cannot be overcome. *Rizzo v Kretschmer,* 389 Mich 363, 372; 207 NW2d 316 (1973).

Defendant argued below and the trial court held that plaintiff breached his warranty that he would keep 100% of his stock in locked safes when the business was closed. Plaintiff admitted that only jewelry left outside the locked safes was stolen.

The first paragraph of the insurance policy between plaintiff and defendant, entitled "Jeweler's Block Policy", provides:

"This Policy is issued in consideration of the premium specified, and of the Declaration(s) and Proposal(s) attached hereto and made a part hereof and which is (are) agreed to be the basis of this Policy. The Insured hereby warrants to be true each and every statement and particular contained in the Proposal(s)."

At the top of the third page of the policy the following boldface notice was attached:

"NOTICE

"THE ANSWERS to the questions in the proposal attached to this Policy CONSTITUTE WARRANTIES. If they are incorrect or are not followed, YOUR INSURANCE CAN BE VOIDED."

Paragraph 16 of the attached and incorporated "Proposal for Jeweler's Block Policy" is entitled "WARRANTIES AS TO PROPERTY INSURED DURING TERM OF INSURANCE AT ALL TIMES WHEN PREMISES ARE CLOSED". The form, completed by plaintiff, indicates that 100%

of the stock would be kept in a locked safe or vault.

An insurance contract which is ambiguous must be liberally construed in favor of the insured. *Foremost Life Ins Co v Waters,* 88 Mich App 599, 604; 278 NW2d 688 (1979). If the policy language is clear and unequivocal, however, its terms must be enforced; the courts will not rewrite the contract. *DAIIE v Leonard Underwriters, Inc,* 117 Mich App 300, 304; 323 NW2d 679 (1982). See, also, *Western Fire Ins Co v J R Snyder, Inc,* 76 Mich App 242, 245; 256 NW2d 451 (1977), *lv den* 402 Mich 822 (1977).

It is well settled that an insured must be held to a knowledge of the terms and conditions contained in his insurance policy, even though he may not have read it. *Russell v State Farm Mutual Automobile Ins Co,* 47 Mich App 677, 679; 209 NW2d 815 (1973), *lv den* 390 Mich 788 (1973). By the plain language of the policy and the incorporated application, plaintiff warranted that 100% of the stock would be kept in locked safes when the business was closed. In *Lehr v Professional Underwriters,* 296 Mich 693, 696-697; 296 NW 843 (1941), quoted by *Scanlon v Western Fire Ins Co,* 4 Mich App 234, 238; 144 NW2d 677 (1966), the Supreme Court held that "[a]n insurance company may limit the risks it assumes and fix its premiums accordingly. * * * The liability was limited in the policy. To hold otherwise would be to write a new contract for the parties." Defendant insurer assumed the risk only for plaintiff's stock which was kept in locked safes when the business was closed. It is undisputed that the only jewelry taken during the burglary was that contained in display cases outside of the safes. The breach of the warranty was material to the risk assumed by defen-

dant. The lower court properly granted summary judgment in favor of defendant on this ground under GCR 1963, 117.2(3).

Plaintiff also argues that summary judgment was improperly granted because there is a factual question as to whether a special relationship existed between plaintiff insured and defendant insurer's agent, which required the agent to disclose to plaintiff the adequacy of the policy's coverage and the conditions under which the policy could be voided. It is clear that an insurance contract may be reformed where there is mutual mistake or mistake by one party and fraud or inequitable conduct by the other. *Stein v Continental Casualty Co,* 110 Mich App 410, 418; 313 NW2d 299 (1981), *lv den* 414 Mich 853 (1982).

This argument is raised for the first time on appeal. Plaintiff's complaint does not allege any facts in support of a fraud or mistake theory. Nor were essential facts set forth by affidavit, deposition or other documentary evidence. Because plaintiff failed to properly raise this issue below, it is not properly before us on appeal and cannot be considered a basis for reversal of the lower court's grant of summary judgment.

Affirmed.