ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Minnesota Corporation, Plaintiff,

v.

George PARZEN, Parzen & Parzen, Imperial Casualty and Indemnity Company, a Nebraska corporation, and American Bankers Insurance Company of Florida, a Florida corporation, Defendants.

Civ. A. No. 82–74071.

United States District Court, E.D. Michigan, S.D.

Aug. 29, 1983.

Kitch, Suhrheinrich, Smith, Saurbier & Drutchas, P.C. by Paul L. Kaliszewski, Detroit, Mich., for plaintiff.

Garan, Lucow, Miller, Seward, Cooper & Becker, P.C. by Albert A. Miller, Detroit, Mich., for defendants George Parzen and Parzen & Parzen.

Sullivan, Ward & Bone by Richard G. Ward, Detroit, Mich., for defendant Imperial Cas.

Foster, Meadows & Ballard, P.C. by Paul D. Galea, Detroit, Mich., for defendant American Bankers Ins.

## OPINION

GILMORE, District Judge.

This is a declaratory judgment diversity action seeking a determination by plaintiff of its duty to defend and pay any judgment against George Parzen and the law firm of Parzen and Parzen ("Parzen") arising out of a legal malpractice action brought against Parzen in the Wayne County Circuit Court (*John Brown v. George Parzen and Parzen & Parzen,* No. 81–147–174–NM, filed Dec. 23, 1981). Plaintiff St. Paul is presently providing Parzen with a defense to the action under a full reservation of rights, claiming it has no obligation to defend or pay.

The dispute is among the three insurance companies to determine the extent of the coverage, if any, of each company. Parzen has filed a motion for summary judgment, claiming that all three insurance companies owe him a duty to defend and pay. For reasons set forth below, the Court finds that all three companies have a duty to defend, and all are subject to a potential obligation to pay any judgment rendered, and therefore grants Parzen's motion for summary judgment.

## I

The malpractice action against Parzen involves his representation of John Brown, a Michigan resident, who was injured in Tennessee by a power saw on July 3, 1974. The lawsuit alleges that sometime prior to July 3, 1975 Brown retained Parzen to bring a products liability action and a worker's compensation claim. The central allegation in the underlying complaint against Parzen is his failure to file the products liability and the worker's compensation claims within the applicable statute of limitations.

The complaint also alleges other acts that could subject Parzen to potential liability. The amended complaint, dated May 19, 1983, alleges misrepresentation by Parzen in his pursuit of the claim, failure to properly investigate the claim, failure to obtain necessary witnesses and experts, and malpractice in accepting a products liability claim when he was incompetent to handle it. In addition, the complaint alleges fraud and misrepresentation.

Liberally construed, the complaint alleges acts from July 3, 1975 until October 1981 that could subject Parzen to potential liability for legal malpractice.

## II

■ It is well-settled insurance law that the duty of an insurer to defend depends upon the allegations in the complaint of the third party in his action against the insured. *Guerdon Industries Inc. v. Fidelity & Casualty Company of New York,* 371 Mich. 12, 123 N.W.2d 143 (1963). The law is also very clear that the underlying complaint is to be construed liberally and that the insurer is under an obligation to defend, if the underlying complaint alleges facts constituting a cause of action within policy coverage, even if other facts constituting causes of action not covered by the policy are also alleged. *See Dochod v. Central Mutual Insurance Co.,* 81 Mich.App. 63, 66, 264 N.W.2d 122 (1978), quoting *Space Conditioning, Inc. v. Insurance Company of North America,* 294 F.Supp. 1290, 1293 (E.D.Mich.1968). Finally, it is hornbook law that any doubts or ambiguities in the insurance contract are to be construed most favorably to the insured. This principle is especially true when contract exclusions and exceptions are involved.

## III

### *St. Paul Fire & Marine Insurance Company*

From March 8, 1973 until March 8, 1976 St. Paul extended professional liability insurance to Parzen, obligating St. Paul "To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages *arising out of the performance of professional services for others in the Insured's capacity as a lawyer and caused by the Insured...*" (emphasis added).

■ A fair reading of Brown's complaint against Parzen shows that Parzen is potentially liable for "damages arising out of the performance of professional services for others" for the period extending from March 1973 to March 1976 (Para 13, Count I). During this period of time, Brown retained Parzen to represent him, and it was during this period that Parzen allegedly failed to investigate the claim, failed to get proper witnesses, undertook a products liability case which he was not qualified to undertake, and made fraudulent promises to Brown. A fair reading of the complaint, as well as a reasonable reading of the language of the policy quoted above, demonstrates that St. Paul owes a duty of defense and potential coverage.

St. Paul offers an elaborate argument based on an extremely narrow interpretation of its contract language and a misguided analysis regarding the accrual of causes of action. It attempts to construe Brown's complaint as solely relating to the failure of Parzen to file a claim within the statute of limitations. From this mistaken premise, St. Paul argues that the statutes of limitations for the products liability and the worker's compensation actions did not run until after their policy coverage period. Thus, they argue, it is impossible for Parzen

to be subject to any liability for acts done within their coverage period.

First, a reasonable reading of the complaint shows that it involves far more than the statute of limitations. Second, although St. Paul cites case law dealing with when a cause of action for attorney malpractice accrues, this is not the issue before the Court. If the time of accrual is an issue, it is for the Wayne County Circuit Court to decide in Brown's action against Parzen. This Court simply must decide the question of whether Brown's allegations against Parzen come within the broad scope of "damages arising out of the performance of professional services." Clearly they do.

■ Finally, St. Paul argues that an attorney cannot be subject to malpractice until the statute of limitations on an action runs. This argument is untenable. An attorney's responsibility is not simply to file an action within the required time period but encompasses "the taking of any steps necessary in the proper handling of the case." *Passanante v. Yormark*, 138 N.J.Super. 233, 350 A.2d 497 (N.J.1975). *See also* DR 6–101 of the *Code of Professional Responsibility* covering the failure of an attorney to act competently. This Court takes no position on the merits of Brown's claims, but clearly Parzen is subject to liability for acts done within the covered period within the meaning of the language of the insurance contract. Until a trial determines these issues, St. Paul must continue to defend, and is subject to potential liability.

## IV

*Imperial Casualty and Indemnity Company*

■ Imperial Casualty provided Parzen with coverage from July 18, 1978 until July 18, 1982. It was a "claims made" policy,[1]

and there is no dispute that the claim made by Brown against Parzen was made on December 23, 1981, within the period of coverage extended by Imperial Casualty.

Imperial attempts to deny coverage by relying on an exclusion clause which excludes coverage of claims that rely on acts done prior to July 18, 1977. It is true that if it is shown at trial that the only acts which establish liability of Parzen occurred prior to that date Imperial would have no obligation to pay, but this does not relieve Imperial at this point. It has a duty to defend Parzen, and could be subject to a duty to pay, if a verdict is returned based upon acts done after July 18, 1977. Imperial's argument regarding the statute of limitations is similar to that of St. Paul's and must be rejected for the same reasons.

■ Imperial also counters by singling out Count IV, which alleges fraud and misrepresentation. It argues that, even assuming that this count covers dates within its period of coverage, its policy explicitly excluded coverage for acts of fraud and misrepresentation. This argument must await the aftermath of the underlying trial. Such exclusion clauses must be construed against the insurer, and it cannot be determined until after trial whether Parzen might be liable for the type of fraud excluded by this clause. More importantly, Imperial ignores the negligence and breach of contract claims which also allege liability until 1981, well within Imperial's coverage. Even if liability for fraud is excluded, the underlying complaint alleges other acts that are well within Imperial's coverage. Imperial must defend and await the outcome of the trial to determine its obligations, if any, to pay.

---

1. III—Territory, Policy Period and Claims Made Provisions:

"This Policy applies to negligent acts, errors, omissions, or offenses which occur anywhere in the world:

(a) during the Policy period and then only if claim is first made during the Policy period in which the negligent act, error, omission or offense occurred, or

(b) prior to the effective date of the Policy if claim is first made during the Policy period and providing no Insured had knowledge nor could have reasonably foreseen any circumstance which might result in a claim at the effective date of the policy and where there is no other valid and collectible insurance available to the Insured for any such prior negligent act, error, omission or offense."

## V

## American Bankers Insurance Company of Florida

█ American Bankers covered Parzen from July 18, 1977 until July 18, 1978. This policy was a "claims made" policy. Its provisions are set forth in the footnote.[2]

No claim was filed against Parzen during the covered period, but it seems undisputed that clause (b) could be applicable here for there is no material dispute over the fact that Parzen did not have prior knowledge of the claim, and acts prior to the covered period could be within the coverage of the policy.

The dispute lies over the legal significance of the "claims made clause" which states the policy with Parzen "applies to claims first made against the insured during the policy period." American Bankers insists that this clause relieves them of any liability since there is no doubt that the claim against Parzen was not made during the American Banker policy period of 1977 and 1978.

Parzen argues, however, that this "claims made" clause is unenforceable because it is directly in conflict with the Michigan Insurance Code, M.C.L.A. § 500.3008, which provides:

500.3008 Same; notice to insurer

Sec. 3008. In such liability insurance policies there shall be a provision that notice given by or on behalf of the insured to any authorized agent of the insurer within this state, with particulars sufficient to identify the insured shall be deemed to be notice to the insurer; *and also a provision that failure to give any notice required to be given by such policy within the time specified therein shall not invalidate any claim made by the insured if it shall be shown not to have been reasonably possible to give such notice within the prescribed time and that notice was given as soon as was reasonably possible.* P.A. 1956, No. 218, § 3008, Eff. Jan. 1, 1957. (emphasis added).

Parzen argues that, since it was not "reasonably possible" for him to give notice of the claim against him within the policy period, the "claims made" provision of American Bankers has no effect, and that clause (b) referring to prior acts is operative and binding upon American Bankers. This position is a novel one, and in many cases would effectively invalidate "claims made" provisions such as the one here. However, this Court is persuaded that, at least in the instant case, Parzen's interpretation fits more closely to the intent of the parties.

In an unreported opinion, *Honner v. Continental Casualty Co.,* Michigan Court of Appeals No. 77–3553 (June 22, 1978), that court held that a provision in an architect's professional liability policy requiring that notice of a claim be given within 60 days of the expiration of the policy was unenforceable due to M.C.L.A. § 500.3008, when it was impossible for the insured to give the notice within the required period. The policy in *Honner* was a combination "occurrence" and "claims made" policy and the policy here is only a "claims made" policy, but the holding in *Honner* directly dealt with the "claims made" provision and is persuasive in this case, although not controlling because it is unreported.

**2. THE COVERAGE**

1. Professional liability: To pay on behalf of the Insured all sums that the Insured shall become legally obligated to pay as damages:

(a) by reason of any act, error or omission in professional services rendered or that should have been rendered by the Insured or by any person for whose acts, errors or omissions the insured is legally responsible, and arising out of the conduct of the Insured's profession as a lawyer or notary public;"

"Claims Made Clause: This policy applies to CLAIMS FIRST MADE AGAINST THE IN-SURED DURING THE POLICY PERIOD, arising from professional services performed:

(a) during the policy period, or

(b) prior to the effective date of this insurance provided the Insured had no knowledge of any claim or suit, or any act, error or omission that might result in a claim or suit, as of the date of signing the application for this insurance and there is no previous policy or policies under which the Insured is entitled to indemnity for such claim or suit." Emphasis added.

*Stine v. Continental Casualty Co.,* 112 Mich.App. 174, 315 N.W.2d 887 (1982) directly cited *Honner,* although the court said it could not rely upon it because it was unreported. *Stine* dealt with a policy similar to the one in *Honner,* except the delay in *Stine* was two years whereas in *Honner* there had only been a four month delay. The court held that M.C.L.A. § 500.3008 rendered the "claims made" provision unenforceable as long as notice was given to the insurance company as soon as was "reasonably possible." The facts here are analogous, given the similar period of delay. Although the policy in *Stine* also seems to have been an "occurrence" policy, the decision dealt directly with the effect of a "claims made" provision similar to the one in the instant case.

In *DAIIE v. Leonard Underwriters,* 117 Mich.App. 300, 323 N.W.2d 679 (1982), another panel of the Court of Appeals reached the opposite result. There is no way to distinguish this case from *Stine* and *Honner* except to say that its reasoning is open to serious question as far as its potential applicability to the instant case. The panel there felt that there was a bargained-for difference between "occurrence" policies and "claims made" policies and that, since "claims made" policies were cheaper, it was clear that an insured bargained for lesser protection.

If one applies this logic, then an entirely different result should be reached here. Parzen asserts that he paid St. Paul from $290 to $458 for his "occurrence" policy, while he paid American Bankers $1,485 and Imperial Casualty $885 to $939 for their "claims made" policies. Thus, the result reached in *Honner* and *Stine* seems to be a just result here. On its face, the language of M.C.L.A. 500.3008 is controlling. There is no reason not to adhere to the language of the statute.

Parzen paid American Bankers three times what he paid St. Paul for its "occurrence" policy, and it is clear that he was bargaining for a full-fledged professional malpractice insurance policy to be applied according to the promised scope of the coverage. There is no indication that he was bargaining for a cheaper, second-class policy, and it would be unreasonable in this situation to interpret M.C.L.A. § 500.3008 as not being applicable.

Therefore, American Bankers is also subject to a duty to defend, and is subject to potential liability depending upon the results of the underlying action and the liabilities of the other insurance carriers.

Therefore, for the reasons given, Parzen's motion for summary judgment is granted, and a judgment is herewith entered.